

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00414-CR

---

JASON MICHAEL BOYKINS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 7045, Honorable Dale A. Rabe, Jr., Presiding

---

June 29, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and PRATT, JJ.

Appellant, Jason Michael Boykins, was found guilty of possession of a controlled substance with intent to deliver, a first-degree felony.[1]  The trial court also found that Appellant used or exhibited a deadly weapon, a firearm, during commission of the offense.  In presenting this appeal, Appellant's court-appointed appellate counsel has filed

---

[1] *See* TEX. HEALTH & SAFETY CODE § 481.112(a), (d).

a motion to withdraw supported by an *Anders*[2] brief.  We grant counsel's motion and affirm the judgment.

On December 14, 2023, Appellant pleaded guilty to the charged offense.  The trial court deferred a finding of guilt, placed him on deferred adjudication community supervision for a period of ten years, and assessed a fine.  In September of 2025, the State filed a motion to proceed with adjudication of guilt.  The State alleged Appellant failed to comply with certain conditions of his community supervision order, namely those which required him to abstain from the use of marijuana, report to his supervision officer, pay supervision fees and court-ordered fees, and complete community service.  Appellant pleaded "true" to some but not all of the allegations.  After presentation of the evidence, the trial court found the allegations to be true, adjudicated Appellant guilty, and sentenced him to fifty years' imprisonment.  Appellant timely brought this appeal.

In support of her motion to withdraw, counsel has certified that she has conducted a conscientious examination of the record and, in her opinion, the record reflects no reversible error upon which an appeal can be predicated.  *Id*. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error.  In a letter to Appellant, counsel notified him of the motion to withdraw; provided him with a copy of the motion, *Anders* brief, and appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed

---

[2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant has not filed a response. The State has not filed a brief.

By her *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal, but we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our careful review of the appellate record and counsel's brief, we conclude that there are no grounds for appellate review that would result in reversal of Appellant's conviction or sentence.

We grant counsel's motion to withdraw and affirm the trial court's judgment.[3]

Judy C. Parker
Chief Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.